UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| AMBER HANEY, JASON EVANS, MCKENNIA FITCH, DAVID KNIGHTEN, and CHRISTIE STINSON, individually and on behalf of all others similarly situated, | Lead Case No. 2:23-cv-46 |
| | Member Case Nos. 2:23-cv-69; 2:23-cv-168 |
| *Plaintiffs*, | Judge Travis R. McDonough |
| v. | Magistrate Judge Cynthia R. Wyrick |
| CHARTER FOODS NORTH, LLC and CHARTER FOODS, INC. | |
| *Defendants*. | |

## ORDER

This matter coming before the Court on Plaintiffs' Unopposed Motion for, and Memorandum in Support of, Preliminary Approval of Class Action Settlement (Docs. 81, 82) and the Joint Declaration of Class Counsel in Support (Doc. 82-2) submitted therewith, and with the Court being fully advised on the matter, the Court hereby finds and orders as follows:

1. Unless otherwise defined herein, all defined terms in this order shall have the respective meanings ascribed to the same terms in the settlement agreement (referred to herein as the "Agreement").

2. The Court has conducted a preliminary evaluation of the settlement set forth in the Agreement. Based on this preliminary evaluation, the Court finds that the Agreement meets all applicable requirements of Federal Rule of Civil Procedure 23, for settlement purposes only, including that the Settlement Class is sufficiently numerous, that there are questions of law and fact common to members of the Settlement Class that predominate, that the representative parties

fairly and adequately protect the interests of the class and that class treatment is an appropriate method for the fair and efficient adjudication of the controversy.

3. The Court further finds that: (i) there is good cause to believe that the settlement is fair, reasonable and adequate, (ii) the Agreement has been negotiated at arm's length between experienced attorneys familiar with the legal and factual issues of this case, and (iii) the settlement warrants notice of its material terms to the Settlement Class for their consideration and reaction. Therefore, the Court grants preliminary approval of the Settlement.

4. Pursuant to Rule 23, and for settlement purposes only, the Court certifies the following Settlement Class: "all persons in the United States whose information may have been impacted in the Data Incident, including persons to whom Defendants mailed a notification that their information may have been impacted in the Data Incident." Excluded from the Settlement Class are (i) Defendants and its respective officers and directors; (ii) all members of the Settlement Class who timely and validly request exclusion from the Settlement Class; (iii) the Judge and Magistrate Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident or who pleads nolo contendere to any such charge, and (3) Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

5. For settlement purposes only, the Court hereby approves the appointment of Plaintiffs Amber Haney, Jason Evans, Mckennia Fitch, David Knighten and Christie Stinson as Class Representatives.

6. For settlement purposes only, the Court hereby approves the appointment of (i) Cole & Van Note; Siri & Glimstad LLP; Morgan & Morgan; and Mason LLP as Class Counsel and finds that they are competent and capable of exercising the responsibilities of Class Counsel.

7. On **July 29, 2025**, at 10:00 a.m., this Court will hold a final approval hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether: (a) final approval of the Agreement should be granted and (b) Class Counsel's application for attorney's fees and expenses and incentive awards to the Class Representatives should be granted. No later than 14 days prior to the deadline to opt out of or object to the Settlement Plaintiffs must file any papers in support of Class Counsel's application for attorneys' fees and Service Awards to the Class Representatives, and no later than 14 days prior to Final Approval Hearing Plaintiffs must file any papers in support of final approval of the Agreement and in response to any objections.

8. Pursuant to the Agreement, Simpluris is hereby appointed as the Settlement Administrator and shall be required to perform all of the duties of the Settlement Administrator as set forth in the Agreement or this Order.

9. The Court approves the proposed plan for giving notice to the Settlement Class, as fully described in the Agreement. The plan for giving notice, in form, method and content, fully complies with the requirements of the Federal Rules of Civil Procedure and due process and is due and sufficient notice to all persons entitled thereto.

10. The Court hereby directs the parties and Settlement Administrator to complete all aspects of the Notice Plan no later than 30 days after entry of this Order (the "Notice Deadline").

11. All persons who meet the definition of the Settlement Class and who wish to exclude themselves from the Settlement Class must submit their request for exclusion in writing no later than the Objection/Exclusion deadline, which is 60 days after the Notice Deadline. Any

Settlement Class Member who fails to timely and properly exclude themselves from the Settlement through the procedure outlined in the Notice shall be deemed to remain a Settlement Class Member and shall be bound as a Settlement Class Member by the Agreement. Settlement Class Members shall be bound by all determinations and orders pertaining to the Agreement, including the release of all claims to the extent set forth in the Agreement, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided and as provided in the Agreement. Settlement Class Members who do not timely and validly request exclusion shall be so bound even if they have previously initiated or subsequently initiate litigation or other proceedings against Defendant or the Released Parties relating to the claims released under the terms of the Agreement.

      12.     Any member of the Settlement Class who intends to object to the Agreement must include in his or her written objection: ((i) the objector's full name and address; (ii) the case name and docket number—Haney v. Charter Foods North, LLC, Case No. 2:23-cv-46 (ED. TN); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable and any supporting documents; (iv) the identity of any and all counsel representing the objector in connection with the objection; (v) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing, and; (vi) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection.

      13.     Any Settlement Class Member who fails to timely file a written objection with the Court in accordance with the terms of this Order and as detailed in the Notice, and at the same time provide copies to designated counsel for the parties, shall not be permitted to object to the Agreement at the final approval hearing, and shall be foreclosed from seeking any review of the

4

Agreement by appeal or other means and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding.

14. Class Members who wish to participate in the settlement and receive their share of the settlement proceeds shall complete and submit a claim form in accordance with the terms and conditions of the Agreement. The Settlement Administrator shall accept and process claim forms in accordance with the Agreement.

15. The certification of the Settlement Class shall be binding only with respect to the Settlement of the Action. In the event that the Agreement fails to become effective, is overturned on appeal or does not become final for any reason whatsoever, the parties shall be restored to their respective positions in the Action as of the date of the signing of the Agreement, and no reference to the Settlement Class, the Agreement or any documents, communications or negotiations related in any way thereto shall be made for any purpose.

16. Pending the final determination of the fairness, reasonableness and adequacy of the Settlement, no Settlement Class Member may prosecute, institute, commence or continue any lawsuit (individual action or class action) with respect to the Released Claims against any of the Released Parties.

17. The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At or following the Final Approval Hearing, the Court may enter a judgment approving the Agreement and a Final Approval Order in accordance with the Agreement that adjudicates the rights of all Settlement Class Members.

5

Case 2:23-cv-00046-TRM-CRW    Document 83    Filed 02/05/25    Page 5 of 6    PageID #: 767

18. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

19. All discovery and other proceedings in the Action as between Plaintiffs and Defendant are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Agreement and this Order.

20. For clarity, the deadlines set forth above and in the Agreement are as follows:

**Notice Deadline**: 30 Days after Preliminary Approval

**Motion for Final Approval**: 14 Days before Final Approval Hearing

**Motion for Service Award, Attorneys' Fees and Costs**: 14 Days before the deadline for Class Members to Opt-Out or Object

**Opt-Out Deadline**: 60 Days after Notice Deadline

**Objection Deadline**: 60 Days after Notice Deadline

**Claim Deadline**: 90 Days after Notice Deadline

SO ORDERED.

/s/ *Travis R. McDonough*
TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE